UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 22 CR 500 |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| MICHAEL BARRON, | ) | February 1, 2024 |

**MEMORANDUM OPINION and ORDER**

The government charges Michael Barron with six counts of intentionally damaging medical centers in May and June 2021 because these centers provide reproductive health services (i.e., abortion care). (R. 25, Superseding Information.) This matter is scheduled for jury trial on March 19, 2024. Before the court is the government's motion *in limine* to bar Barron from presenting evidence or argument "encouraging jury nullification" during trial. Jury nullification occurs when a jury "acquit[s] a defendant even when the facts and law compel conviction." *United States v. Rash*, 840 F.3d 462, 465 (7th Cir. 2016). Barron, who is proceeding *pro se* in this matter, opposes the motion. For the following reasons, the government's motion is granted in part and denied in part:

**Background**

The government charges that Barron violated the Freedom of Access to Clinic Entrances ("FACE") Act, 18 U.S.C. § 248, by intentionally damaging or destroying Planned Parenthood Health and American Women's Medical Centers in Chicago because they provide abortion care. Barron is alleged to have damaged these health

centers with a sling shot and ball bearings on six separate days in May 2021 and again on June 5, 2021. (R. 25.)

The government represents that during Barron's voluntary recorded interview that took place after the execution of a search warrant, he repeatedly referred to the "emotional" issue of abortion. (R. 31, Govt.'s Mot. at 2.) Through "opening or closing remarks to the jury, his own testimony, or . . . cross examination of the government's witnesses," the government anticipates that Barron will do the same at trial, encouraging jury nullification by referencing the "politically and emotionally charged topic" of abortion. (Id. at 2-4.) To prevent this, the government moves *in limine* to exclude evidence or argument regarding Barron's motivations for committing the charged offenses, potential penalties he may face if convicted, and the government's motivations for prosecuting him. (Id. at 3-10.)

**Legal Standard**

The court's authority to rule on motions *in limine* springs from its inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *United States v. Lillie*, 669 F. Supp. 2d 903, 905 (N.D. Ill. 2009). The moving party bears the burden of proving blanket inadmissibility. *See Mason v. City of Chi.*, 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009). Absent such a showing, evidentiary rulings must be deferred until trial, where decisions can be informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole. *See Anglin v. Sears, Roebuck & Co.*, 139 F. Supp. 2d 914, 917 (N.D. Ill. 2001). However, "[a] pre-

2

trial ruling denying a motion *in limine* does not automatically mean that all evidence contested in the motion will be admitted at trial." *Bruce v. City of Chi.*, No. 09 CV 4837, 2011 WL 3471074, at *1 (N.D. Ill. July 29, 2011). Rather, the court is free to revisit evidentiary rulings during trial as appropriate in the exercise of its discretion. *Luce*, 469 U.S. at 41-42.

## Analysis

The government seeks to bar Barron from presenting "evidence, testi[mony], and/or . . . arguments" designed to elicit sympathy from the jury based on Barron's views on abortion in an effort to encourage jury nullification. (R. 31, Govt.'s Mot. at 4-10.) Specifically, the government asks the court to exclude evidence or argument regarding: (1) Barron's motivations to commit the charged offenses; (2) penalties he could face if convicted; and (3) the government's "mental states, subjective intentions, or motivations of the investigating officers and agents" for prosecuting him. (Id. at 4, 9-10.) Barron opposes the motion, arguing that "motive is an essential element" of each charge against him, and he must be given a meaningful opportunity to defend himself "against the entire charge." (R. 36, Def.'s Opp. Br. at 1.) The court addresses each of the government's requests in turn.

### A. Barron's Motivations

The motion is denied. The government argues that Barron's reasons for committing the alleged offenses are "irrelevant, improper, unfairly prejudicial to the government, and nothing more than an invitation for jury nullification," and therefore should be excluded. (R. 31, Govt.'s Mot. at 4-5.) Courts have long recognized

3

the inherent danger in inviting a jury to nullify the law based on opposition to the charged crime itself. *See generally* Nancy J. King, *Jury Nullification in the United States*, Oxford Handbook Topics in Criminology & Criminal Justice (Feb. 3, 2015), available at https://doi.org/10.1093/oxfordhb/9780199935383.013.103. Indeed, courts in this District have admonished that "[n]either the court nor counsel should encourage jurors to exercise [nullification] power" because "acquittals cannot be appealed." *United States v. Sargent*, No. 16 CR 10-2, 2017 WL 11505360, at *2 (N.D. Ill. Aug. 7, 2017) (citing *United States v. McKnight*, 671 F.3d 664, 665 (7th Cir. 2012) (Posner, J., dissenting)).

Barron responds that "motive"—meaning his reasons or motivations for allegedly "damaging abortion clinics"—is "an essential element of the charge[s]" against him and precluding him from defending against the government's accusations "is tantamount to prohibiting [him] from raising a defense." (R. 36, Def.'s Opp. Br. at 1.) In so arguing, Barron suggests that granting the motion would violate his constitutional right to defend himself. (Id.) The "guarantee[] . . . of 'a meaningful opportunity to present a complete defense'" is "rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation clauses of the Sixth Amendment." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (citations omitted). "But this right does not permit a criminal defendant to admit any and all evidence." *Hinkle v. Neal*, 51 F.4th 234, 241 (7th Cir. 2022). "[W]ell-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the

4

issues, or potential to mislead the jury." *Id.* (citing *Holmes v. South Carolina*, 547 U.S. 319, 326, (2006)). And the court has "wide latitude to exclude evidence in accordance with these deep-rooted evidentiary rules." *Id.* (citations and internal quotations omitted).

Here, the government acknowledges that to prove Barron is guilty of the charged offenses, it must show that he "knowingly and intentionally damaged the property of a facility," and that his "motivations for doing so were *because* the facility provided reproductive health services." (R. 31, Govt.'s Mot. at 5 (emphasis in original).) To make the required showing, the government says it "may introduce *portions* of [Barron's] recorded statement with law enforcement to establish that he damaged these facilities *because* they provided reproductive health services (*i.e.*, an element of the crime)." (Id. at 8 (emphasis in original).) Yet the government contends "this does not necessitate admission of the entire statement." (Id. at 8-9.) In other words, the government seeks to introduce evidence it perceives as beneficial to its position, while precluding Barron from doing the same. The government's position is untenable. Although it tries to justify its request by asserting that Barron's motivations are "irrelevant," (id. at 5-6), or that they should be cabined to sentencing proceedings because of "the danger of unfair prejudice," (id. at 6-7 & n.1), the elements of the charged offenses—and the government's own argument—demonstrate otherwise. Barron is entitled to mount a defense as to whether he allegedly damaged the subject facilities for the specific reason that they provide reproductive health services. *See Crane*, 476 U.S. at 690.

5

Accordingly, the motion is denied as to the government's request to preclude Barron from presenting evidence or argument regarding his motivations for committing the charged offenses. That said, the government is free to object at trial if Barron attempts to cross the "fine line" between trying to prove his innocence and encouraging jury nullification. (R. 36, Def.'s Opp. Br. at 2.) While blanket inadmissibility is not appropriate at this stage, the court may make more informed evidentiary rulings based on the circumstances in which the evidence or argument is presented at trial.

**B.    Potential Penalties**

The motion is granted. The government asks the court to bar evidence or argument relating to potential penalties Barron may face if convicted. (R. 31, Govt.'s Mot. at 9-10.) Where, as here, the jury will have no role in sentencing Barron if found guilty, "the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored." *United States v. Lewis,* 110 F.3d 417, 422 (7th Cir. 1997); *see also Shannon v. United States*, 512 U.S. 573, 579 (1994) ("[W]hen a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." (citations and quotations omitted)). Barron is therefore barred from referring to or hinting at the potential penalties he faces because they are "irrelevant as to guilt." *United States v. Andreas*, 23 F. Supp. 2d 835, 852 (N.D. Ill. 1998).

## C. Government's Motivations

The motion is granted in part and denied in part. The government seeks to bar Barron from presenting evidence or argument regarding the investigating agents' motivations for prosecuting Barron for the charged offenses. (R. 31, Govt.'s Mot. at 10-11.) The government argues that such evidence is "extraneous and collateral," as well as irrelevant, and should be excluded. (Id. (citing *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979).) The court agrees. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [her] discretion." *Wayte v. United States,* 470 U.S. 598, 607 (1985). This extends to the agents' motivation. Accordingly, Barron is precluded from referring to subjective motivations of agents involved in his case.

In the motion, the government tacks on other categories of evidence and argument it would like excluded, including references to "individuals providing services such as abortions," "the recent *Dobbs v. Jackson*, 142 S. Ct. 2228 (2022), decision," and "any violence and/or ramifications of such violence in the pro-life and pro-choice movements." (R. 31, Govt.'s Mot. at 11.) But the government does not develop any argument as to why blanket inadmissibility of such evidence is appropriate at this stage, suggesting only that the evidence is "designed to invite improper jury nullification." (Id.) Without any explanation as to why that is so, the government has not satisfied its burden of showing that the motion should be granted as to this evidence. *See Mason*, 631 F. Supp. 2d at 1056. The motion is thus denied

7

as to this evidence but the government is free to renew its objections at trial if warranted.

## Conclusion

For the foregoing reasons, the government's motion *in limine* is granted in part and denied in part. Barron is barred from offering at trial any evidence, argument, or suggestion relating to the government's motivations for prosecuting this matter and the potential penalties he may face if convicted.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**