UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 22 CR 500 |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| MICHAEL BARRON, | ) | February 23, 2024 |

**MEMORANDUM OPINION and ORDER**

The government charges Michael Barron with six counts of intentionally damaging medical centers in May and June 2021 because these centers provide reproductive health services (i.e., abortion care). (R. 25, Superseding Information.) This matter is scheduled for jury trial on March 19, 2024. Before the court is the government's motion *in limine* to admit certain evidence under Federal Rule of Evidence 404(b)(2), which permits evidence of other crimes, wrongs, or acts to be admitted for a purpose such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Specifically, the government seeks to admit evidence regarding an uncharged June 9, 2021 attack on the American Women's Medical Center in Chicago to prove the identity of the individual who committed the offenses charged here. Barron, who is proceeding *pro se*, did not oppose this motion. For the following reasons, the government's motion is denied:

**Background**

The government charges that Barron violated the Freedom of Access to Clinic Entrances ("FACE") Act, 18 U.S.C. § 248, by intentionally damaging or destroying

Planned Parenthood Health and American Women's Medical Centers in Chicago because they provide abortion care. Barron is alleged to have damaged these health centers with a sling shot and ball bearings on six separate days in May and June 2021. (R. 25.)

## Legal Standard

The court's authority to rule on motions *in limine* springs from its inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *United States v. Lillie*, 669 F. Supp. 2d 903, 905 (N.D. Ill. 2009). The court may provide "guidance by issuing a preliminary ruling regarding admissibility." *Euroholdings Cap. & Inv. Corp. v. Harris Tr. & Sav. Bank*, 602 F. Supp. 2d 928, 934 (N.D. Ill. 2009). Evidentiary rulings may be deferred until trial, where decisions can be informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole. *See Anglin v. Sears, Roebuck & Co.*, 139 F. Supp. 2d 914, 917 (N.D. Ill. 2001). However, "[a] pre-trial ruling denying a motion *in limine* does not automatically mean that all evidence contested in the motion will be admitted [or excluded] at trial." *Bruce v. City of Chi.*, No. 09 CV 4837, 2011 WL 3471074, at *1 (N.D. Ill. July 29, 2011). Rather, the court is free to revisit evidentiary rulings during trial as appropriate in the exercise of its discretion. *Luce*, 469 U.S. at 41-42.

## Analysis

To establish that Barron attacked the subject health centers on the dates charged, the government seeks to introduce certain evidence and argument regarding

Barron's "other acts"—that is, his uncharged attack on one of the same health centers on June 9, 2021.[1] (R. 35, Govt.'s Mot. at 1-2, 7.) The government asserts that Rule 404(b)(2) permits this other-act evidence to prove Barron was the individual who committed the charged offenses as evidenced by his *modus operandi*, (id. at 1-2, 7-13), but acknowledges that the court must still decide whether the probative value of such evidence is outweighed by a danger of unfair prejudice under Rule 403, (id. at 13-15). Although Barron does not oppose the motion, the government says it "expects that identity may be contested by [Barron]." (Id. at 14.) Notwithstanding Barron's failure to oppose, the court denies the motion so that its decision—and, in particular, the Rule 403 analysis—may be informed by the context and foundation in which other-act evidence is offered. *See Anglin*, 139 F. Supp. 2d at 917.

While "evidence of other crimes, wrongs, or acts" may not be used to "show[] a person's character or propensity to behave a certain way" under Rule 404(b)(1), such evidence may be used for another purpose under Rule 404(b)(2). *United States v. Gomez*, 763 F.3d 845, 852 (7th Cir. 2014). To determine admissibility of other-act evidence, the party seeking to admit the evidence must first show that it "is relevant to a specific purpose" not prohibited by Rule 404(b)(1), as demonstrated "through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case." *Id.* at 860; *see also United States v. Thomas*, 986 F.3d 723, 728

---

[1] The government represents it "does not intend to introduce evidence of [Barron's] guilty plea" in state court regarding the June 9, 2021 attack, "unless [Barron] testifies." (R. 35, Govt.'s Mot. at 2 n.1.)

3

(7th Cir. 2021) (describing *Gomez* as requiring proponent of other-act evidence to "show, through a chain of propensity-free inferences, that the evidence is relevant for a reason other than propensity"). If the party succeeds in doing so, then "the district court must in every case assess whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice" under Rule 403, considering "the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case." *Gomez*, 763 F.3d at 860. As the Seventh Circuit has made clear, however, "[e]vidence that tend[s] to prove the elements of the offense does not violate Rule 404(b)." *Thomas*, 986 F.3d at 728 (citing *United States v. Bradford*, 905 F.3d 497, 506 (7th Cir. 2018) (internal quotation omitted)).

The government argues that it satisfies the first requirement by offering "propensity-free reasoning"—that is, "the use of other act evidence as evidence of [Barron's] identity through *modus operandi*." (R. 35, Govt.'s Mot. at 11 & n.3.) For support, the government cites decisions from the Seventh Circuit affirming admission of other-act evidence "to prove identity through *modus operandi*." (Id. at 9-11.) For example, in *United States v. Brewer*, 915 F.3d 408, 415 (7th Cir. 2019), the Seventh Circuit affirmed the trial court's admission of evidence regarding unindicted robberies under Rule 404(b), finding that the government offered such evidence "to prove identity through modus operandi and to show [the defendant's] intent," and that it "supplied propensity-free reasoning for those purposes." Notably, the government in *Brewer* did not offer the other-act evidence to show that the defendant had "a propensity for committing crimes," but rather because his methods—

4

"linger[ing] around banks . . . just before they were robbed by a person who dressed similarly and used similar methods"—revealed "an idiosyncratic way" of robbing banks that helped establish the individual's identity. 915 F.3d at 415; *see also United States v. Edwards*, 26 F.4th 449, 454-56 (7th Cir. 2022) (affirming admission of other robberies "to show identity through a modus operandi" where "distinctive" characteristics of robberies "establish[ed] a direct signature for how [the defendant] and his team carried out these acts").

Here, the government cites a string of characteristics it associates with Barron when he allegedly committed the charged offenses and compares those to similar characteristics Barron employed when carrying out the June 9, 2021 attack. (R. 35, Govt.'s Mot. at 11-12.) For example, in each charged attack, the offender used a slingshot and ball bearings to attack one of two health facilities in Chicago during the evening when the clinics were closed. (Id. at 11.) In the uncharged attack, the offender used the same type of weapon and attacked the same facility targeted in three of the charged attacks during the evening when it was closed. (Id. at 12.) Based on the "singular strong resemblance" these crimes bear, the government asserts that "[t]he specific details are more than sufficiently idiosyncratic to permit an inference of pattern." (Id. (citations and internal quotations omitted)); *but see United States v. Sweeney*, No. 20 CR 910, 2022 WL 2355921, at *2 (N.D. Ill. June 30, 2022) (precluding other-act evidence from being admitted where characteristics of other crimes, such as wearing a hat and sunglasses and using a white truck, were not sufficiently specific to establish pattern). That may be true, but the specific facts offered at trial, as well

5

as the context and foundation in which they are offered, are important in determining whether the methods were sufficiently distinct to infer a pattern. Indeed, "[s]potting a hidden propensity is not always easy" and, for this reason, "principled exercise of discretion" is required by the trial court. *Gomez*, 763 F.3d at 856.

The government also contends it satisfies the second requirement because the probative value of the other-act evidence it seeks to admit outweighs any risk of unfair prejudice. (R. 35, Govt.'s Mot. at 13-15.) In *Brewer* the Seventh Circuit found that while "all other-act evidence is" prejudicial, the defendant placed "his identity and intent squarely at issue," and thus the danger of prejudice was not "unfair[]." 915 F.3d at 416. The defendant in *Edwards* similarly "put his identity at issue during the trial, claiming to be involved only in [two] robberies, not the [third] one," rendering the other-act evidence "highly probative." 26 F.4th at 455. The trial court "mitigated any potential unfair prejudice" from the other-act evidence by "provid[ing] a limiting [jury] instruction." *Id.* at 456.

The government argues here that its "identity evidence that [Barron] committed the June 9, 2021 attack" employing the same methods used in the charged crimes establishes the "highly probative" nature of this evidence and any "risk of unfair prejudice" is "minimal." (R. 35, Govt.'s Mot. at 13.) And as in *Edwards*, the government posits that any prejudice can be mitigated through a limiting jury instruction, which it includes with its motion. (Id. at 15-16.) Again, the government's argument may prevail at trial, but because the court's inquiry depends on the specific facts presented, the court denies the motion at this time in its inherent discretion and

6

defers its ruling until trial so that it may make a more informed decision based on the context and foundation in which the other-act evidence is offered. *Gomez*, 763 F.3d at 857 ("Because each case is unique, Rule 403 balancing is a highly context-specific inquiry; there are few categorical rules."). The government should note that this ruling precludes it from discussing the other-act evidence in its opening statement.

## Conclusion

For the foregoing reasons, the government's motion *in limine* is denied.

**ENTER:**

**Young B. Kim
United States Magistrate Judge**