UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 22 CR 500 |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| MICHAEL BARRON, | ) | March 1, 2024 |

**MEMORANDUM OPINION and ORDER**

The government charges Michael Barron with six counts of intentionally damaging medical centers in May and June 2021 because these centers provide reproductive health services (i.e., abortion care). (R. 25, Superseding Information.) This matter is scheduled for jury trial on March 19, 2024. Before the court is the government's consolidated motion *in limine*, which includes eight separate motions, to exclude and admit various categories of evidence. Barron did not file an opposition to any of the motions. For the following reasons, the consolidated motion is granted in part and denied in part:

**Background**

The government charges that Barron violated the Freedom of Access to Clinic Entrances ("FACE") Act, 18 U.S.C. § 248, by intentionally damaging or destroying Planned Parenthood Health and American Women's Medical Centers in Chicago because they provide abortion care. Barron is alleged to have damaged these health centers with a sling shot and ball bearings on six separate days in May and June 2021. (R. 25.)

## Legal Standard

The court's authority to rule on motions *in limine* springs from its inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The purpose of such motions is to perform a "gatekeeping function and permit[] the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not to be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Accordingly, evidence may be excluded pursuant to a motion *in limine* only when it is inadmissible on all potential grounds. *See Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003). The moving party bears the burden of proving blanket inadmissibility. *See Mason v. City of Chi.*, 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009). Absent such a showing, evidentiary rulings should be deferred until trial, where decisions can be informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole. *See Anglin v. Sears, Roebuck & Co.*, 139 F. Supp. 2d 914, 917 (N.D. Ill. 2001). "A pre-trial ruling denying a motion *in limine* does not automatically mean that all evidence contested in the motion will be admitted at trial." *Bruce v. City of Chi.*, No. 09 CV 4837, 2011 WL 3471074, at *1 (N.D. Ill. July 29, 2011). Rather, the court is free to revisit evidentiary rulings during trial as appropriate in the exercise of its discretion. *Luce*, 469 U.S. at 41-42.

### Analysis

The government's motions in limine Nos. IV, V, VI, and VII are granted and Nos. III and VIII are granted in part, but Nos. I and II are denied.

### A.     Motion *in Limine* No. I[1]

The motion is denied. The government seeks to prevent Barron from introducing statements he made in a recorded, *Mirandized* interview the government conducted about a week after it searched Barron's residence in October 2021 pursuant to a federal search warrant. (R. 37, Govt.'s Mot. at 6.) The government notes, however, that it may seek to admit portions of the same interview for its own case under Federal Rule of Evidence 801(d)(2)(A) as a statement by a party-opponent, but if Barron offers it, the government says, it is inadmissible hearsay. (Id. at 6-8.)

As a general rule, hearsay is inadmissible unless an exception under the Federal Rules of Evidence or federal law applies. *See* Fed. R. Evid. 802. The rule against hearsay is "grounded in the notion that untrustworthy evidence should not be presented to the triers of fact." *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973). But here, the government does not challenge the trustworthiness of the interview, nor could it, as the government intends to use the same evidence for its case-in-chief. The government also does not provide the specific statements it seeks to admit and,

---

[1] The government includes eight numbered motions *in limine* in its consolidated motion, (R. 37, Govt.'s Mot.), but two are styled as Motion *in Limine* No. VI. To avoid confusion, the court treats the first of these motions as Motion *in Limine* No. VI (Missing Witness Argument) and the second as Motion *in Limine* No. VII (Reasonable Doubt), and then restyles the current Motion *in Limine* No. VII as Motion *in Limine* No. VIII (Discovery, Evidentiary Rulings, Defenses).

as such, it is premature to rule on admissibility. As the court previously noted in its ruling on the government's motion *in limine* to bar Barron from presenting evidence or argument encouraging jury nullification, Barron is "entitled to mount a defense as to whether he allegedly damaged the subject facilities for the specific reason that they provide reproductive health services," (R. 40 at 5), and the court will not exclude evidence that is not before it in blanket fashion.

The government contends that any statement Barron might seek to admit would constitute inadmissible hearsay, without explaining the content or context of the specific statements. (See R. 37, Govt.'s Mot. at 6.) But while Barron has the burden of establishing admissibility for any statement he offers as evidence during trial, such statements could fall under exceptions to the hearsay rules or qualify as non-hearsay. Further, it is unknown at this time whether Barron intends to testify, which would provide an independent avenue for statements included within the interview to qualify for admissibility. *See* Fed. R. Evid. 801(d)(1).

Next, the government asserts that Barron should be precluded from offering statements based on the rule of completeness. (R. 37, Govt.'s Mot. at 7-8.) The rule of completeness, as codified in Federal Rule of Evidence 106, permits an adverse party to "require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." A four-part test is used to determine whether evidence qualifies or explains evidence offered by an opponent: "(1) does it explain the admitted evidence (2) does it place the admitted evidence in context (3) will admitting it avoid misleading the trier of fact

4

[and] (4) will admitting it insure a fair and impartial understanding of all the evidence." *United States v. Peeples*, No. 1 CR 496, 2003 WL 57030, at *3 (N.D. Ill. Jan. 7, 2003) (citation omitted). As noted above, the government does not provide any information as to what statements, or portions of statements, it may seek to admit, so the court has no way of assessing whether the rule of completeness applies to any statements or portions thereof that Barron may offer as evidence. Simply put, there is insufficient information before the court to conduct an analysis of the rule of completeness at this time. It is also worth noting that the government's position—that it should be allowed to admit any portion of the interview, while Barron should be barred from doing the same, (R. 37, Govt.'s Mot. at 6)—may be inconsistent with Barron's constitutional right to defend himself. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense.") (citation and internal quotation omitted); *cf. United States v. Burke,* No. 19 CR 322, 2023 WL 8526793, at *1-2 (N.D. Ill. Dec. 7, 2023) (allowing defendant to admit additional portions of recorded interview under rule of completeness where they provided context to the government's identified portions). For these reasons, the court declines to "preclude [Barron] from eliciting testimony or presenting evidence of any of his own statements" at this juncture. (R. 37, Govt.'s Mot. at 6.)

Finally, the government requests that Barron submit the statements he intends to use, if any, to the court before trial so that the court may rule on admissibility. (Id. at 8.) Put another way, the government wants Barron to submit

5

the statements he intends to use while refusing to hold itself to the same standard. As noted, the government has not provided the court the statements it intends to use. As such, the court will not impose such a requirement at this time, but the parties are free to raise this issue at the pretrial hearing on March 1, 2024. (R. 29.) That said, the court recognizes that Barron has not filed any pretrial submission advising the court and the government of his proposed witnesses or exhibits.

**B.     Motion *in Limine* No. II**

The motion is denied. If Barron testifies at trial, the government seeks to admit evidence of his prior criminal history for impeachment purposes, including his June 29, 2021 state felony convictions for two counts of criminal damage to property in connection with May and June 2021 attacks on reproductive health facilities in Illinois. (R. 37, Govt.'s Mot. at 8-12.) If impeachment is necessary, the government says it "does not intend to elicit evidence of the conviction[s] beyond the title, date, and disposition of each offense." (Id. at 9 n.4.)

The government acknowledges that this motion overlaps with a similar motion *in limine* it filed under Federal Rule of Evidence 404(b) to allow other-act evidence at trial based on an attack underlying one of the convictions at issue here. (Id.; see also R. 42.) The court denied that motion. Whether evidence of other acts may be admitted depends upon the specific facts offered at trial. *See United States v. Brewer*, 915 F.3d 408, 415 (7th Cir. 2019); *United States v. Edwards*, 26 F.4th 449, 454-56 (7th Cir. 2022). As recognized in the court's denial of the government's motion seeking to admit other-act evidence, (see R. 42), Rule 404(a)(1) generally prohibits

6

character evidence to "prove that on a particular occasion the person acted in accordance with the character or trait." However, Rule 404(a)(3) provides exceptions where "character [evidence] may be admitted," including situations where evidence is proffered under Rule 609, such as in this instance.

Rule 609(a)[2] provides "[i]n pertinent part," that, "for purposes of attacking a defendant's credibility, evidence that an accused has been convicted of a felony 'shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.'" *United States v. Hernandez*, 106 F.3d 737, 739 (7th Cir. 1997). Admitting evidence of a prior conviction to impeach testimony is controversial because it is "in tension with the most elementary conception of the rule of law," including the risk that jurors will "judg[e] the case rather than the parties." *Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009); *but see id.* at 628 ("The rationale for nevertheless allowing a prior crime to be used to undermine testimony is that a person who has committed a serious crime is more likely than a law-abiding person to lie on the stand even if the case in which he is testifying has nothing to do with that crime.").

As an initial matter, the government notes that Barron's prior convictions occurred in June 2021, the same summer as the charged crimes and well within the

---

[2] Crimes are divided into two categories under Rule 609(a): (1) those that are typically regarded as a felony—which are covered under Rule 609(a)(1); and (2) those involving dishonesty or a false statement, without regard to the grade of the offense—which are covered under Rule 609(a)(2). Fed. R. Evid. 609 advisory committee's note to 1974 amendment. Here, the government does not allege that Barron's past felony convictions involve dishonesty or false statements as provided in Rule 609(a)(2).

ten-year time period contemplated by Rule 609(b), which provides additional safeguards against admitting convictions that are too old. The court therefore turns to subsection (a)(1), through which the government contends that Barron's convictions are admissible.

To balance the probative value compared to the prejudicial effect of the evidence, the court must, in its discretion, assess the following factors established in *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir. 1976): "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004) (citing *Mahone*, 537 F.2d at 929).

The first factor—impeachment value—favors exclusion because Barron's prior felony convictions do not involve dishonest acts. *See United States v. Nurudin*, 8 F.3d 1187, 1192 (7th Cir. 1993) (prior conviction did not include dishonesty and failed first *Mahone* factor); *Montgomery*, 390 F.3d at 1015. The government contends that a prior felony need not involve dishonesty to be admissible. (R. 37, Govt.'s Mot. at 9-10 (citing *Nurudin*, 8 F.3d at 1192).) While true, Barron's prior convictions may nonetheless be admissible as impeaching evidence after balancing the other factors set forth below at trial, so it is inconsequential that this factor favors exclusion. *See Nurudin*, 8 F.3d at 1192 (admitting prior conviction while not relying on the first *Mahone* factor); *Montgomery*, 390 F.3d at 1015 (same).

8

The second factor—proximity in time between the prior convictions and the charged crime—favors admission. As mentioned above, the subject convictions happened almost concurrently with the crimes charged here, placing the convictions well within Rule 609(b)'s ten-year time period of exclusion. *United States v. Jackson*, 546 F.3d 801, 819 (7th Cir. 2008) (admitting prior conviction within ten-year time-period contained in Rule 609(b)).

The third factor—similarity between the prior convictions and the charged crime—is a closer call. The past convictions are for "criminal damage to property" under 720 ILCS 5/21-1(A)(1), and for conduct similar, if not identical, to the charged crimes—that is, damaging facilities that provide reproductive health care. (R. 37, Govt.'s Mot. at 8-9.) But the title of the convictions does not mention the underlying facts. The government states that it intends to only elicit evidence of the "title, date, and disposition of each offense." (R. 37, Govt.'s Mot. at 9 n.4.) While it can be appropriate to reveal the "title, date, and disposition of each offense[,]" the Seventh Circuit does not require any specific level of disclosure, leaving the trial court to decide. *United States v. Washington*, No. 16 CR 477, 2017 WL 3642112, at *7-8 (N.D. Ill. Aug. 24, 2017) (collecting cases). Here, any prejudice related to the title, date, and disposition of the offenses may be cured with a limiting instruction that the jury is only to consider the prior convictions for impeachment purposes rather than for any propensity to commit the charged offenses. *Montgomery*, 390 F.3d at 1015; *Jackson*, 546 F.3d at 820; *Hernandez*, 106 F.3d at 740.

9

The fourth and fifth factors—the importance of defendant's testimony and the centrality of credibility as a trial issue—are uncertain at this time. Unlike the cases cited by the government, it is unknown whether Barron will offer conflicting accounts of the events, which would place his credibility and potential testimony at the heart of trial. *See Montgomery*, 390 F.3d at 1016 (conflicting statements during defendant's interrogation); *United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997) (defendant contradicted other primary witness); *Hernandez*, 106 F.3d at 740 (defendant offered different story than arresting officer). However, a defendant's testimony is "important in every case," *Montgomery*, 390 F.3d at 1015, and any potential prejudice can be offset by providing a limiting instruction, *see Smith*, 131 F.3d at 687 (no abuse of discretion where court provided "clear limiting instruction"). The title, date, and disposition of the prior convictions may therefore be admissible at trial should Barron testify and place his credibility at issue, but only for impeachment.

While the government may ultimately prevail at trial in admitting Barron's prior convictions for impeachment purposes, the court's inquiry will depend on the specific facts provided and on the importance of Barron's testimony and credibility. Accordingly, the court denies the motion at this time, but notes that it may be renewed at trial when the court has the benefit of additional context. Should the prior convictions be admitted, the government will be limited to using the title, date, and disposition of the convictions. If the government believes that Barron has opened the door to eliciting details beyond those facts, *see Washington*, 2017 WL 3642112,

10

at *8, the government should seek the court's approval before inquiring into any other details.

C.     **Motion *in Limine* No. III**

The motion is granted in part and deferred in part. First, the government asks the court: "(1) to warn defendant that he will be held to rules of law and evidence; (2) to warn defendant to refrain from speaking in the first person while commenting on the evidence to the jury; and (3) to instruct the jury before opening statements and before closing arguments that any statements by the attorneys in this case, including those made by defendant while serving in his capacity as counsel, do not constitute evidence"; and (4) to "caution defendant, should he disregard the Court's orders concerning attempts to testify during argument or examination of other witnesses, corrective instructions may be given to the jury." (R. 37, Govt.'s Mot. at 13.) The court grants the motion as to its requests (1), (3), and (4) but defers ruling on (2).

As to requests (1), (3), and (4), the government's request in this regard is not so much a request for specific relief as it is a request for Barron to follow trial procedures. In *United States v. Bey*, 781 Fed. Appx. 505, 508 (7th Cir. 2019), the Seventh Circuit found no abuse where the trial court granted similar motions *in limine* and appropriately instructed the defendant that while he could not testify during opening or closing statements, he could make inferences from the relevant evidence. As such, the court cautions Barron and the government that they are not to testify during opening or closing arguments, during cross examination, or while objecting and that they are bound by the Federal Rules of Evidence and other

11

applicable laws. The court also warns Barron that if he fails to heed the court's caution, the court will admonish him at trial and issue corrective instructions to the jury to the extent necessary depending on the degree of Barron's infraction.

Second, the government asks the court to "inquire of defendant's procedural plans for trial" and "requests that the Court inquire of defendant (and defendant be required to explain) how he plans to conduct trial as a procedural matter, including whether he intends to make an opening statement or closing argument to the jury, introduce exhibits, testify, etc." (Id. at 13.) The request is granted to the extent that the court will cover this topic during today's pretrial conference.

### D. Motion *in Limine* No. IV

The motion is granted. The government moves the court to find, pursuant to Federal Rule of Evidence 104, that the following are admissible business records under Rule 803(6) and self-authenticating under Rule 902(11): (1) Amazon records "showing defendant's purchase of sling shots and steel ball bearings"; and (2) AT&T records of "historical cell site location data corroborating defendant's location." (R. 37, Govt.'s Mot. at 1, 14, 16.)

Under Rule 803(6), the rule against hearsay does not bar records of a regularly conducted activity if:

(A)  the record was made at or near the time by—or from information by—someone with knowledge;
(B)  the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
(C)  making the record was a regular practice of that activity;
(D)  all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies

12

> with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the course of information or the method or circumstances of preparation indicate a lack of trustworthiness.

If the government satisfies subsections (A) through (D), the burden is on Barron to challenge the evidence's trustworthiness. *See NRRM, LLC v. Mepco Fin. Corp.*, No. 10 CV 4642, 2015 WL 1859851, at *3 (N.D. Ill. April 21, 2015) (objection based on trustworthiness forfeited).

Rule 803(6)(D) allows admission of business records "without foundation testimony from the record custodian so long as the records are authenticated" according to Rule 902(11). *United States v. Bledsoe*, 70 Fed. Appx. 370, 373 (N.D. Ill. 2003) (internal quotation omitted). In turn, Rule 902(11) permits a party to authenticate a business record through a "declaration by a qualified custodian that the record meets the necessary conditional requirements," but requires the proponent to provide sufficient written notice of the intent to offer the record. *Id.*; *see also* Fed. R. Evid. 901(11) (conditional requirements include satisfying Rule 803(6)(A)-(C)).

Here, the government includes certifications for both categories of documents, providing notice to Barron. (R. 37, Govt.'s Mot. Ex. 1.) Both certifications represent that the records were made at or near the time by, or from information transmitted by, someone with knowledge, satisfying subsection (A). (Id. Ex. 1.) Both certifications also state that the records were kept in the ordinary course of business and made subject to the regular practice of the business, satisfying subsections (B) and (C). (Id. Ex. 1.) Because the certifications meet the conditional requirements of Rule 902(11),

they are self-authenticating. Furthermore, because Barron did not oppose the motion, he has waived his right to challenge the notice. *See Bledsoe*, 70 Fed. Appx. at 373.

Accordingly, the Amazon and AT&T records are admissible under Rules 806(3) and 902(11) as certified business records. As the government recognizes in its motion, this admittance is "separate and apart from any relevancy and/or hearsay objections" and Barron remains free to object to the evidence at trial for the purpose for which it is being admitted. What is reliable for the business purposes of Amazon and AT&T does not necessarily establish reliability for any other purpose.

**E.    Motion *in Limine* No. V**

The motion is granted. The government moves the court to exclude Barron from offering "any evidence of lawfulness and/or non-corrupt conduct, except reputation or opinion evidence offered by character witnesses strictly in accord with the limitations of Federal Rule of Evidence 405(a)." (R. 37, Govt.'s Mot. at 17.) Pursuant to Rule 405(a), evidence of a person's character or character trait is only admissible in the form of reputation or opinion testimony. Rule 405(b) allows evidence of relevant specific acts of character only where "a person's character or character trait is an essential element of a charge, claim, or defense." Here, evidence of lawfulness is not an essential element of Barron's charged crimes nor any identified defense. It is well-settled that "[e]vidence that a defendant acted lawfully on other

14

occasions is generally inadmissible to prove he acted lawfully on the occasion alleged in the indictment." *United States v. Reese*, 666 F.3d 1007, 1020 (7th Cir. 2012).

In *United States v. Hill*, 40 F.3d 167, 168 (7th Cir. 1994), the Seventh Circuit affirmed the exclusion of a prior specific incident of non-corrupt conduct, noting that "specific instances of law-abidingness" are only admissible if essential to an element of the charge or defense. Trial courts have followed suit. *United States v. Jinhuang Zheng*, No. 14 CR 424, 2017 WL 3434228, at *4 (N.D. Ill. Aug. 10, 2017) (granting motion to exclude character evidence of lawful conduct); *United States v. Boender*, No. 9 CR 186-1, 2010 WL 811296, at *5 (N.D. Ill. March 3, 2010) (defendant barred from offering evidence of lawful conduct for propensity evidence). As such, any evidence of Barron's character for lawfulness or non-corrupt conduct is inadmissible unless it is offered in the form of reputation or opinion testimony as required by Rule 405. However, the court notes that Barron has not submitted a pretrial statement identifying any trial witnesses.

**F.    Motion *in Limine* No. VI**

The motion is granted. The government moves to prevent Barron from offering any argument about missing witnesses. (R. 37, Govt.'s Mot. at 18.) The Seventh Circuit has held that "the jury is permitted to draw an adverse inference about the testimony of a missing witness only if 'that witness is peculiarly within the opposing party's power to produce.'" *Africano v. Atrium Medical Corp.*, No. 17 CV 7238, 2021 WL 4477867, at *4 (N.D. Ill. Sept. 30, 2021) (quoting *Littlefield v. McGuffey*, 954 F.2d 1337, 1346 (7th Cir. 1992)). Here, the government argues that it does not plan to call

15

"every witness" or "every law enforcement officer" relevant to Barron's criminal investigation. (R. 37, Govt.'s Mot. at 18.) Barron has not objected or otherwise offered evidence suggesting that any witnesses are unavailable to him. To contest the availability of a witness, Barron must demonstrate: "(1) the missing witness was physically available only to the party against whom the inference would be drawn; or (2) the missing witness has a relationship with that party that practically renders the testimony unavailable to that party's adversary." *Africano*, 2021 WL 4477867, at *4 (citation and internal quotations omitted)); *but see United States v. Keplinger*, 776 F.2d 678, 702-03 (7th Cir. 1985) (affirming preclusion of missing witness argument but noting "[i]n a close case, it may be appropriate to allow a party to comment in argument on the significance of a witness'[s] absence, even where there is insufficient evidence of unavailability"). But because Barron did not file a pretrial submission identifying any trial witnesses, he cannot contest the availability of a witness during trial.

**G.  Motion *in Limine* No. VII**

The motion is granted. The government asks the court to preclude Barron from "explaining or attempting to define reasonable doubt." (R. 37, Govt.'s Mot. at 19.) The Seventh Circuit has consistently held that it is inappropriate to define "reasonable doubt" for the jury. *See United States v. Hatfield*, 591 F.3d 945, 949 (7th Cir. 2010) ("[S]ome courts, including our own, tell district judges not to try to explain to a jury the meaning of 'beyond a reasonable doubt.'"); *United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988) ("[I]t is equally inappropriate for trial counsel to provide

16

their own definition."). In *Glass*, the court noted that this circuit's criminal jury instructions "forbid" attempts to explain the term and that judges and lawyers' efforts to define "reasonable doubt . . . only muddy the water." *Id.* For this reason, the pattern jury instructions simply provide "[No instruction]" under the section on the definition of reasonable doubt. Seventh Circuit Pattern Jury Instruction 1.04 (2023). The parties are therefore precluded from offering, or attempting to offer, any definition of "reasonable doubt."

**H.     Motion *in Limine* No. VIII**

The motion is granted in part and denied in part. The government asks the court to preclude Barron from: (1) requesting or commenting on discovery in the presence of the jury; (2) referring to the court's evidentiary rulings in the presence of the jury; and (3) asserting defenses relating to "duress, coercion, alibi, unavailability, and/or mental defect." (R. 37, Govt.'s Mot. at 20-21.) The government's requests (1) and (2) are granted. If either party seeks additional discovery, such request must be made "outside the presence of the jury." *United States v. Quinones*, No. 02 CR 924-3, 2003 WL 22697503, at *3 (N.D. Ill. Nov. 13, 2003); *see also United States v. Brown*, No. 08 CR 1009, 2011 WL 43038, at *15 (N.D. Ill. Jan. 6, 2011). Likewise, the parties are precluded from referring to the court's evidentiary rulings, such as the exclusion of certain evidence, except when the jury is not present. *See Solles v. Israel*, 868 F.2d 242, 245 (7th Cir. 1989) (noting that each court that had reviewed case was critical of prosecutor's conduct, including regarding comments made about excluded evidence in presence of jury).

But the government's request (3) is denied. The government argues that "unless a proffer supported by sufficient evidence is made ahead of time, [Barron] may not raise a coercion/duress defense because it is an affirmative defense that [Barron] must prove by a preponderance of the evidence." (R. 37, Govt.'s Mot. at 21 (citing *Dixon v. United States*, 548 U.S. 1, 6-8 (2006) (affirming validity of jury instructions placing "burden on [defendant] to establish the existence of duress by a preponderance of the evidence")).) While Barron will have to provide enough evidence at trial to support an affirmative defense of coercion or duress, if he chooses to assert one, the government cites no authority indicating that Barron must satisfy such burden at this time.

The government similarly argues that Barron should be precluded from asserting defenses of alibi, unavailability, or mental defect because of lack of notice. (Id. at 20-21 (citing Fed. R. Crim. Pro. 12.1 (stating that upon written request by government, defendant must provide within 14 days written notice of "any intended alibi defense," including location where defendant was at time of charged offense and contact information for each alibi witness), 12.2 (requiring written notice to be provided, within time provided for filing pretrial motion or as set by court, for insanity defense or introduction of "expert evidence relating to a mental disease or defect" bearing on issue of guilt).) But a motion *in limine* is not the proper vehicle for seeking dispositive relief. Indeed, the government's request is tantamount to a motion to strike affirmative defenses, or for summary judgment—yet the current motion does not include the facts or procedural safeguards necessary for such relief. *See Sellers*

18

*Cap., LLC v. Wight*, No. 15 CV 7644, 2017 WL 3037802, at *5 (N.D. Ill. July 18, 2017) (noting that motions *in limine* are not to be used as substitutes for dispositive motions because they lack the necessary procedural safeguards). Having said that, the government is free to object at trial if Barron seeks to introduce evidence without having complied with applicable rules.

## Conclusion

For the foregoing reasons, the government's consolidated motions *in limine* are granted in part and denied in part.

ENTER:

_____
**Young B. Kim
United States Magistrate Judge**